IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ramiro Sanchez-Rueda, #10479-280, ) | C/A No.: 1:15-4618-RMG-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden Linda R. Thomas, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Ramiro Sanchez-Rueda ("Petitioner"), proceeding pro se, is a federal inmate incarcerated at the Federal Correctional Institution ("FCI") in Edgefield, South Carolina. He submitted this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice.

I.      Factual and Procedural Background

Petitioner states he was arrested in the Southern District of Texas on April 29, 2013. [ECF No. 1-1 at 3]. Petitioner alleges the court sentenced him to 46 months' imprisonment on September 18, 2013, for the offense of being found in the United States after a previous deportation. *Id.* Petitioner did not appeal his sentence or file a 28 U.S.C. § 2255 motion. [ECF No. 1 at 2, 4]. Petitioner argues that, pursuant to Federal Bureau of Prisons policy, his classification as a deportable alien renders him ineligible for

"rehabilitative time credits and additional Residential Community Corrections eligibility." *Id.* at 6–7. Petitioner alleges this ineligibility is a violation of his equal protection and due process rights. *Id.* at 6. Petitioner requests the court "authorize a downward departure to account for the severity of the sentence and the ineligibility for rehabilitative credits and [residential community corrections] placement." *Id.* at 8.

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

    1.  A challenge to a federal conviction is properly brought pursuant to 28 U.S.C. § 2255

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citations omitted). Prior to the enactment of § 2255, federal prisoners could collaterally attack a federal conviction through a petition for a writ of habeas corpus pursuant to § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). However, "a number of practical problems, among which were difficulties in obtaining records and taking evidence in a district far removed from the district of conviction . . . led Congress to enact § 2255, 'which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently.'" *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) (quoting *Triestman*, 124 F.3d at 373). "[T]he remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy" and "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention." *Rice v. Lamanna*, 451 F. Supp. 2d 755, 761–62 (D.S.C. 2006) (quotation omitted).

Because Petitioner's arguments and the relief he seeks address his sentence as imposed, his claims are not cognizable under § 2241. Therefore, Petitioner cannot

3

challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause.

> 2. Petitioner does not demonstrate § 2255 would be inadequate or ineffective to test the legality of his detention

To challenge his federal conviction and sentence under § 2241, Petitioner must satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Ennis v. Olsen,* 238 F.3d 411 (4th Cir. 2000). Petitioner did not file a direct appeal or a § 2255 motion. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted).

Additionally, Petitioner fails to satisfy the criteria set forth by the Fourth Circuit Court of Appeals to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. In *In re Jones*, the court held a petitioner must show:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-

4

> keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

Petitioner fails to demonstrate the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Instead, Petitioner attempts to invoke § 2255's savings clause by arguing his sentence violated his constitutional rights because he is a deportable alien ineligible for rehabilitative time credit or residential community corrections. [ECF No. 1; ECF No. 1-1]. In support of his argument, Petitioner cites to cases from the D.C. Circuit and argues that a court may depart a sentence downward to account for the fact that deportable aliens are not eligible for supervised release and other programs. *See e.g., United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1995); *United States v. Agramonta*, 706 F. Supp. 2d 135 (D.C. Cir. 2010). Courts have found, however, that the decisions cited by Petitioner are not applicable to a litigant, like Petitioner, who is serving a sentence for illegal reentry. See *United States v. Martinez-Ramos*, 184 F.3d 1055, 1058 (9th Cir. 1999); *United States v. Garay*, 235 F.3d 230 (5th Cir. 2000); *United States v. Vasquez*, 279 F.3d 77 (1st Cir. 2002).

Further, Petitioner may not obtain the relief he seeks under § 2241, as Fourth Circuit precedent has "not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In Re Jones*, 226 F.3d at 333–34); *see also*, *Farrow v. Revell,* 541 F. App'x 327, 328 (4th Cir. 2013) (holding that a challenge to a sentencing factor is not cognizable under § 2241). As Petitioner cannot demonstrate a substantive law change made the

5

conduct for which he was convicted non-criminal, his claims are insufficient to invoke the savings clause embodied in § 2255. This case is subject to summary dismissal.

III.     Conclusion and Recommendation

Accordingly, the undersigned recommends the court dismiss the petition in the above-captioned case without prejudice and without requiring the respondent to file a return.

IT IS SO RECOMMENDED.

December 9, 2015                                              Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).