# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

RECEIVED CLERK'S OFFICE

2016 JAN -8 P 4: 31

| | |
|---|---|
| Ramiro Sanchez-Rueda, | Civil Action No.: 1:15-4618-RMG |
| Petitioner, | |
| v. | **ORDER** |
| Warden Linda R. Thomas, | |
| Respondent. | |

In this *pro se* action, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., this matter was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On December 9, 2015, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's petition be dismissed without prejudice. (Dkt. No. 7.) The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner failed to file any objections to the Report and Recommendation. As explained herein, this Court adopts the Report and Recommendation and dismisses the petition without prejudice.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the

1

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Analysis

The Court has reviewed the Report and Recommendation for any clear errors of law and has found none. Petitioner was convicted in the Southern District of Texas for the offense of being found in the United States after a previous deportation. Petitioner seeks a reduction in his federal sentence to counterbalance his ineligibility as a deportable alien for rehabilitative credits and residential community corrections placement. Petitioner never filed an appeal or a motion pursuant to 28 U.S.C. § 2255, however, Defendants convicted in federal court must file a § 2255 motion to seek collateral relief from their convictions or sentences. *Rice v. Rivera*, 6187 F.3d 802, 807 (4th Cir. 2010). The one exception to this requirement the § 2255 savings clause, applicable where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Rice v. Lamanna*, 451 F. Supp. 2d 755, 761–62 (D.S.C. 2006) (holding that § 2255 "supplants habeas corpus" unless the savings clause applies).

In this Circuit, petitioners seeking to avail themselves of the § 2255 savings clause must show, *inter alia*, that after their direct appeal and first § 2255 motion, a change in substantive law law such that their offense conduct is no longer deemed criminal. *In re Jones*, 226 F.3d 328, 333–

34 (4th Cir. 2000). As noted in the Report and Recommendation, Petitioner fails to show that his offense conduct is now noncriminal and, indeed, petitions such as his, which only challenge the sentence, are not cognizable under the savings clause. *Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008).

## Conclusion

Having reviewed the record, the Magistrate Judge's Report and Recommendation, and the relevant case law, this Court adopts the Magistrate Judge's Report and Recommendation as the Order of this Court. Thus, Petitioner's petition for a writ of habeas corpus is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 8, 2016
Charleston, South Carolina

3